UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
UNITED STATES OF AMERICA                  :

v.                                        :          **ORDER**

JONATHAN CUNEY,                           :          15 CR 143 (VB)
               Defendant.            :
-----------------------------------------------------x

Copies Mailed/Faxed 11/22/22
Chambers of Vincent L. Briccetti

On  December 22, 2015, defendant was sentenced to 37 months' imprisonment on his

guilty plea to (i) being a licensed firearms dealer selling and delivering firearms unlawfully, in

violation 18 U.S.C. §922(b)(2) (Count One), and (ii) knowingly transporting, shipping, and

receiving firearms unlawfully, in violation of 18 U.S.C. § 922(k) (Count Two).  Specifically,

defendant was a licensed firearms dealer who knowingly obliterated the serial numbers of

numerous firearms and sold them illegally.  The sentence was imposed on each of the two counts

to run concurrently.  Defendant has completed service of his sentence.[1]

Defendant has now filed a petition for a writ of error coram nobis, dated November 4,

2022.  (Doc. #35).  Although not entirely clear, defendant appears to contend (i) his conviction

on Count Two should be vacated because the statute under which he was convicted, 18 U.S.C.

§922(k), is now unconstitutional under the Supreme Court's recent decision in New York State

Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022), and (ii) had he only violated 18 U.S.C. §

922(b)(2) (the statute underlying Count One), "he would never ha[ve] been charged with a

felony and imprisoned for that conduct alone." (Petition, at 4).  Thus, he contends his conviction

on both counts should be vacated because his entire criminal prosecution was based on an

offense that is now unconstitutional.

---

[1]    Defendant is currently serving a prison sentence for an unrelated federal conviction.

"A writ of error <u>coram</u> <u>nobis</u> is an 'extraordinary remedy,'" <u>Kovacs v. United States</u>, 744 F.3d 44, 49 (2d Cir. 2014), such that a petitioner "must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." <u>Id</u>. at 49.

Having reviewed the petition, the Court is not convinced that petitioner has demonstrated that he continues to suffer legal consequences from his conviction that may be remedied by vacating his conviction under 18 U.S.C. § 922(k), when he is not contending that 18 U.S.C. § 922(b)(2) is unconstitutional. The failure to demonstrate such continued legal consequences is "reason alone to deny [the] petition." <u>Morales v. United States</u>, 2022 WL 7204972, at *1 (2d Cir. Oct. 13, 2022) (summary order).

In any event, the Court is not inclined to deny the petition without first hearing from the government, and then giving defendant an opportunity to reply. **Accordingly, by no later than January 23, 2023, the government shall file a response to the petition, and by no later than February 23, 2023, petitioner shall file a reply if he wishes to do so.**

Chambers will mail a copy of this Order to defendant at the following address:

Jonathan Cuney, Reg. No. 71306-054
USP Lewisburg
U.S. Penitentiary
Satellite Camp
P.O. Box 2000
Lewisburg, PA  17837

Dated: November 22, 2022          SO ORDERED:
      White Plains, NY

Vincent L. Briccetti
United States District Judge

2