Copies Mailed/Faxed 2/20/24
Chambers of Vincent L. Briccetti

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA             :
                                     :
v.                                   :        **ORDER**
                                     :
JONATHAN CUNEY,                      :        15 CR 143 (VB)
              Defendant.             :
------------------------------------------------------------x

    Pending before the Court is defendant Jonathan Cuney's pro se petition for a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651. (Doc. #33). Cuney seeks to set aside his convictions on both Counts One and Two of the information, to which he pleaded guilty nearly nine years ago. Liberally construed, Cuney's submissions make the following arguments: (1) his convictions are unconstitutional, (2) errors were made in his Sentencing Guidelines calculation, (3) the government did not disclose certain conduct underlying Count One, which charged him with being a licensed federal firearms dealer selling firearms unlawfully; and (4) his attorney provided ineffective assistance of counsel.

    For the reasons set forth below, the petition is DENIED.

    On multiple occasions between April 2013 and July 2014, Cuney, a licensed federal firearms dealer, sold handguns with obliterated serial numbers to buyers who did not have pistol permits or background check records as required by state and federal law. Cuney had personally removed the serial numbers using a drill. In 2015, pursuant to a plea agreement, he pleaded guilty to being a licensed federal firearms dealer selling firearms unlawfully, in violation of 18 U.S.C. § 922(b)(2) (Count One), and knowingly transporting, shipping, and receiving firearms which had their serial numbers removed, obliterated, or altered, in violation of 18 U.S.C. § 922(k) (Count Two). On December 22, 2015, this Court sentenced Cuney to 37 months' imprisonment, followed by two years of supervised release. After completing his prison term, and while on supervised release, Cuney began fabricating so-called "ghost guns"—i.e., non-serialized handguns, rifles, and silencers—from firearms parts he bought online. In 2021, he pleaded guilty to charges filed in three separate districts to being a convicted felon in possession of firearms and ammunition, and was sentenced principally to 87 months' imprisonment. He is currently serving that sentence.

    A petitioner seeking the "extraordinary remedy" of coram nobis relief "must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Kovacs v. United States, 744 F.3d 44, 49 (2d Cir. 2014). "[R]elief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996).

    Cuney's petition does not satisfy any of these elements.

1

Case 7:15-cr-00143-VB  Document 50  Filed 02/20/24  Page 2 of 4

Purported Circumstances Warranting Relief

First, Cuney has not shown "circumstances compelling such action to achieve justice."

For substantially the reasons set forth in the government's letters dated February 23 and May 30, 2023, Sections 922(b)(2) and 922(k) are constitutional. Section 922(b)(2) regulates conduct—selling or delivering a firearm to any person in violation of state law or published ordinance—that is not protected by the plain text of the Second Amendment. This is because Section 922(b)(2) does not infringe on the central right protected by the amendment, which is the right to armed self-defense. See District of Columbia v. Heller, 554 U.S. 570, 599 (2008); accord, McDonald v. City of Chicago, 561 U.S. 742, 767 (2010). Section 922(b)(2) prohibits a licensed federal firearms dealer from selling firearms to a person in a State where that person's purchase or possession of a firearm would already violate a State or local law. Thus, Section 922(b)(2) does not burden a person's ability to acquire a firearm or infringe on the right of self-defense. Rather, it prohibits licensed federal firearms dealers from selling or delivering firearms to persons independently barred by State or local law from buying or possessing them. See United States v. Meienberg, 263 F.3d 1177, 1183 (10th Cir. 2001).

Section 922(k) is also constitutional, even following the Supreme Court's decision in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022). The Second Amendment does not protect the sale or possession of firearms with obliterated serial numbers because the amendment "does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes." District of Columbia v. Heller, 554 U.S. at 625. Self-evidently, there is no lawful purpose for which to possess a firearm with an obliterated serial number. And, for substantially the reasons set forth in the government's letters, Section 922(k) is "consistent with the Nation's historical tradition of firearm regulation," New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. at 24, because it is analogous to historical laws that regulated commerce in firearms, required inspection and marking of gun barrels and gunpowder, and prohibited altering proof marks on gun barrels.

Regarding Cuney's challenge to his Sentencing Guidelines calculation, he waived such a challenge in his plea agreement. (Doc. #45-1 at 4). In any event, the calculation was correct. Cuney stipulated that his sentencing range was 37 to 46 months' imprisonment, based on the parties' agreements as to (i) the base offense level, (ii) three 4-level upward adjustments tied to the number of firearms sold, the fact that the firearms had obliterated serial numbers, and because Cuney engaged in firearms trafficking, (iii) a 3-level downward adjustment for acceptance of responsibility, and (iv) the fact that Cuney had no prior criminal history. The Court's Probation Department came to the same conclusions, and at sentencing the Court adopted the stipulated Guidelines calculation after neither party objected. The 4-level upward adjustment for obliterated serial numbers was not "double counting" because Cuney was convicted under Section 922(b)(2) for selling firearms to persons without required permits and background check records, which is not an offense based on obliterated serial numbers. Thus, because the base offense level for the Section 922(b)(2) offense did not take into account that the firearms he sold had obliterated serial numbers, the 4-level upward adjustment was correct.

Cuney's assertion that the government did not disclose the conduct underlying the Section 922(b)(2) charge is also without merit. Count One of the information explicitly stated that Cuney "sold multiple handguns to individuals in the State of New York without required

2

permits and documentation." Then, at the change of plea proceeding, the prosecutor stated that Cuney "willfully sold firearms to a purchaser where the purchase was in violation of state law or ordinance," that Cuney "knew or had reasonable cause to believe that the purchase of the firearms by the purchaser would be in violation of state law or published ordinance," and that the "purchaser didn't have pistol permits or the background check documentation before the transaction." (Plea Tr. 12-13). The prosecutor also stated that if the case were tried, the government would prove based on witness testimony, physical evidence, recordings, and documentary evidence, that "[o]n several occasions between April 2013 and July 2014, in New York State, defendant sold defaced firearms to purchasers who didn't have pistol permits as required by New York State Law and who didn't have background check records as required by federal law." (Plea Tr. 27). In his allocution, Cuney admitted that he was a licensed firearms dealer who "made sales that were not legal by federal or State law," and that he had sold handguns to individuals in New York State without required permits or documentation. (Plea Tr. 28-29). He also said that he knew at the time he did these things that what he was doing was "wrong and against the law." (Plea Tr. 31). In short, the conduct underlying Cuney's Section 922(b)(2) conviction was fully disclosed to him, and he understood that his conduct was illegal.

   Moreover, Cuney's ineffective assistance of counsel claim is plainly without merit. Contrary to the assertion that his attorney told him he would be able to continue working as a licensed firearms dealer after his conviction, Cuney acknowledged to the Court during his plea allocution that he had discussed with his attorney the consequences of entering a guilty plea (Plea Tr. 7), and that he understood his conviction could deprive him of the right to possess any kind of firearm and the right to hold certain professional licenses. (Plea Tr. 18-19). At sentencing, in a plea for leniency, Cuney acknowledged his career as a licensed firearms dealer had come to an end. (Sentencing Tr. 10-12).

   Likewise, Cuney's assertion that his attorney did not catch the supposed "double counting" error in the guidelines calculation is without merit because, as explained above, there was no error. And his assertion that his attorney did not catch a supposed error in the charging language that somehow resulted in the non-disclosure of the conduct underlying the Section 922(b)(2) conviction is also without merit for the reasons explained above.

<u>Failure to Seek Appropriate Earlier Relief</u>

   Second, Cuney fails to provide any sound reason why he did not raise the foregoing issues in a timely fashion, either by direct appeal or in a petition for habeas corpus relief under 28 U.S.C. § 2255.

   Long before the Supreme Court's <u>Bruen</u> decision in 2022, Cuney could have raised his constitutional claims under the Second Amendment following the Court's decisions in <u>Heller</u> and <u>McDonald</u>, both of which were decided prior to his 2015 conviction. He did not do so and has provided no good reason why not.

   Moreover, at sentencing, the Court specifically advised Cuney that he had the right to appeal his sentence, subject to any limitations on that right contained in his plea agreement, and that if he did wish to appeal, he had to file a notice of appeal within fourteen days after the entry of judgment. (Sentencing Tr. 22). The plea agreement also makes clear that Cuney's guilty plea did not preclude him from asserting an ineffective assistance of counsel claim on direct appeal,

collateral review, or otherwise. (Doc. #45-1 at 4-5). Thus, to the extent Cuney blames his attorney for his failure to seek appropriate relief earlier, that assertion is rejected.

<u>Continued Legal Consequences</u>

Finally, Cuney does not continue to suffer legal consequences from his conviction that could be remedied by the Court granting him coram nobis relief. He completed serving his 2015 sentence, including the term of supervised release, and thus is not subject to violation proceedings. Moreover, he is currently serving the 87-month prison sentence imposed in 2021, and the same legal consequences he allegedly suffers now, such as the deprivation of the right to possess a firearm and the right to hold certain professional licenses, will continue to exist even if this Court were to grant the petition. And certainly the 2021 charges—being a felon in possession of firearms and ammunition—were based on the fact that he was indeed a convicted felon at the time he possessed those firearms and ammunition. Undoing his 2015 conviction now would not mean he was not lawfully prosecuted in 2021 based on that conviction.

## CONCLUSION

The petition for a writ of error coram nobis is DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

The Clerk is instructed to terminate the motion. (Doc. #33).

Chambers will mail a copy of this Order to defendant at the following address:

Jonathan Cuney, Reg. No. 71306-054
USP Lewisburg
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA  17837

Dated: February 20, 2024
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge